## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUBY COFFEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 11-1347-JWL |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) and Supplemental Security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's failure to attempt to recontact Plaintiff's treating physician, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.  Background**

Plaintiff applied for both SSD and SSI on March 23, 2009, alleging disability beginning October 13, 2008. (R. 23, 150-61). The applications were denied initially and

upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 23, 73-76, 99-100).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael A. Lehr on September 13, 2010.  (R. 23, 38-72).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  Id.  On November 12, 2010 ALJ Lehr issued his decision finding that although Plaintiff has shown that she is unable to perform any past relevant work, when considering her age, education, work experience, and residual functional capacity (RFC), there are jobs that exist in significant numbers in the economy that she can perform and she is, therefore, not disabled within the meaning of the Act.  (R. 23-31).  Consequently, he denied her applications.  (R. 31).

Plaintiff sought Appeals Council review of the ALJ's decision, and submitted a Representative's Brief pointing out errors alleged in the decision.  (R. 15-19, 266-67).  The Appeals Council made the Representative's Brief a part of the administrative record and considered the arguments therein, but found no basis to change the ALJ's decision, found no reason under the Social Security Administration rules to review the decision, and denied Plaintiff's request for review.  (R. 1-6).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.    Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048,

1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

     An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial

gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show there are jobs in the economy within Plaintiff's RFC. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in according "little weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Maddali and in failing to recontact Dr. Maddali regarding an internal inconsistency in his opinion. The Commissioner argues that the ALJ applied the correct legal standard to evaluate Dr. Maddali's opinion and properly accorded it little weight, and that the ALJ was not required to recontact Dr. Maddali. Even if the court assumes that the ALJ applied the correct legal standard to evaluate Dr. Maddali's opinion, remand is necessary because the ALJ found a conflict within Dr. Maddali's report which must be resolved, but failed to recontact the physician to obtain clarification. Therefore, the court will not address whether the ALJ applied the correct legal standard but will proceed directly to consideration whether the ALJ erred in failing to attempt to recontact Dr. Maddali.

**III.    Whether the ALJ Erred in Failing to Recontact Dr. Maddali**

Plaintiff argues that the ALJ was required to recontact Dr. Maddali because he found that Dr. Maddali's report was internally inconsistent, and in such circumstances the regulations require that the treating physician be recontacted for clarification. (Pl. Br. 19-20). The Commissioner argues that an ALJ is required to recontact a treating source only "when the information in the record is not sufficient to determine if the claimant is disabled." (Comm'r Br. 13). He acknowledges that the ALJ stated Dr. Maddali's report was internally inconsistent--that the ALJ found Dr. Maddali's opinion that Plaintiff had only moderate limitations in activities of daily living, social functioning, concentration, persistence, or pace, and only two to three episodes of decompensation was inconsistent with his opinion that Plaintiff was so severely limited that even a minimal increase in mental demands or change in environment would cause Plaintiff to decompensate. Id. at 14. But, he argues that there was nothing improper in determining that Dr. Maddali's conclusions were inconsistent because that is the ALJ's duty as the fact-finder. Id. He argues that the internal inconsistency was only one of many factors relied upon by the ALJ to discount Dr. Maddali's opinion, and that in the totality of the circumstances, "the ALJ had no reason to recontact Dr. Maddali." (Comm'r Br. 15).

As Plaintiff points out, the problem with the Commissioner's argument is that it is contrary to the law of this circuit as understood by this court. As the Commissioner points out, "It is not the ALJ's rejection of a treating source's opinion that triggers the duty to recontact the physician, rather it is the inadequacy of the evidence received from the treating source that triggers the duty." (Comm'r Br. 13-14) (citing White, 287 F.3d at

908-09).  Moreover, as Plaintiff points out, "An ALJ has a duty to recontact a treating physician when his report i[s] inadequate to determine disability."  (Pl. Br. 20) (citing Maes v. Astrue, 522 F.3d 1093, 1098 (10th Cir. 2008)).  As the parties' citations suggest there are two lines of cases within the Tenth Circuit in which the court has reached opposite conclusions regarding the duty to recontact a treating physician.  See, e.g. White, 287 F.3d at 908-09; and Robinson v. Barnhart, 366 F.3d 1078 (10th Cir. 2004).

In 2006, this court dealt with the issue of distinguishing between these two lines, and discerned "a distinction between a conflict in the record, on the one hand, and a conflict in the treating physician's report, on the other" which accounted for the different conclusions in those cases.  Palmer v. Barnhart, No. 05-2373-JWL, 2006 WL 1581004, *5 (D. Kan. Jun. 6, 2006).  The court explained:

> The regulation at issue, § 416.912(e)(1), dictates that the duty to recontact is present "when the report from your medical source contains a conflict...." Id.  That situation would occur, for instance, where the treating physician's conclusion contradicts the factual findings included in the same evaluation. In that situation, the singular "report" contains a conflict.  At the other end of the spectrum, there could be a situation where the record as a whole contains conflicting evidence that the ALJ weighs and then, based on an overall assessment, decides whether the claimant is disabled.  Because in that situation the singular "report" of the treating physician does not contain a conflict, there does not appear to be a duty for the ALJ to recontact the treating physician.

Id.  The court determined that the Robinson case involved a conflict in the physician's report because the ALJ found that the physician did not provide a reason for his conclusion, whereas the White case represented the other end of the spectrum where the

7

report from the physician was adequate but was rejected because it was inconsistent with other substantial record evidence. Id.

Here, the court finds that the situation is more like that presented in Robinson, and requires remand for the ALJ to attempt to recontact Dr. Maddali for clarification. As the ALJ noted, Dr. Maddali found moderate limitations in activities of daily living, in maintaining social functioning, and in concentration, persistence, or pace, and one or two episodes of decompenstaion within a twelve month period. (R. 28-29) (citing Ex. 15F); see (R. 431). The ALJ also noted Dr. Maddali's opinion that Plaintiff has a medically documented two-year history of an affective disorder causing more than minimal limitations in ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, but that Plaintiff has a residual disease process resulting in such marginal adjustment that even a minimal increase in mental demands or change in environment would be expected to cause decompensation. (R. 29) (citing Ex. 15F); see (R. 431). The ALJ then found that Dr. Maddali's assertion of only moderate limitations "is wholly inconsistent with [his] finding that the claimant is so severely limited that even a minimal increase in mental demands or [environmental] changes would cause the claimant to decompensate." (R. 29). He concluded that Dr. Maddali's opinion should be accorded "little weight" because "it is not well supported; it is internally inconsistent; and not consistent with the record as a whole." Id. There can be no doubt that the ALJ found a conflict between two of Dr. Maddali's opinions

8

contained in the same report.  Such a conflict is a conflict within Dr. Maddali's "singular report" as explained in this court's decision in Palmer interpreting Robinson and White.

Social Security regulations require that "We will seek . . . clarification from your medical source when the report from your medical source contains a conflict . . . that must be resolved."  20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).  The ALJ found a conflict within Dr. Maddali's report.  That conflict must be resolved in order to discern the limitations Dr. Maddali believed were imposed by Plaintiff's mental impairments.  Therefore, the ALJ must at least attempt to recontact Dr. Maddali to seek clarification of the report.  He did not do so, and in accordance with Robinson and Palmer this case must be remanded to correct the deficiency.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 5th day of October 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum  
**John W. Lungstrum**  
**United States District Judge**

9