# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RUBY COFFEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 11-1347-JWL** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is once again before the court on the motion of the Commissioner of the Social Security Administration (the Commissioner) (Doc. 20) (hereinafter Comm'r Mot.), filed on October 23, 2012 pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking to alter or amend the court's judgment filed on October 5, 2012. (Doc. 17).  Plaintiff filed her response in opposition on October 29, 2012 (Doc. 21) (hereinafter Pl. Resp.), and the matter is now ripe for decision.  The court finds that the Commissioner has not shown sufficient justification to support his motion to alter or amend judgment in this case, and DENIES the motion.

The Commissioner does not state the precise justification for his motion, but it appears that he is asserting an intervening change in the controlling law in this case.  He notes that when the court held that the ALJ erred in finding an internal inconsistency in

the treating physician's medical opinion and in failing to recontact the physician, it relied

upon a Tenth Circuit case, Robinson v. Barnhart, 366 F.3d 1078 (10th Cir. 2004), and a

District of Kansas case, Palmer v. Barnhart, No. 05-2373-JWL, 2006 WL 1581004, at *5

(D. Kan. Jun. 6, 2006), both of which applied 20 C.F.R. § 416.912(e).  (Comm'r Mot. 1-

2).  He points out that certain sections of the regulations, including the section at issue

here--§ 416.912(e)--were amended effective March 26, 2012, after the Commissioner

filed his brief addressing the merits of judicial review in this case.  He argues that the

amendments removed § 416.912(e) as relied upon by Robinson and Palmer from the

regulations, and modified the requirement to recontact a medical source such as Dr.

Maddali.  (Comm'r Mot. 2).  He argues that the amended regulations provide more

flexibility to the agency in determining how best to obtain information to resolve

inconsistencies or insufficiencies in the evidence, and significantly reduces the need to

recontact treating medical sources in many situations.  Id.  He then reasons that "the

regulation relied upon by the Court no longer requires an ALJ to recontact a treating

physician to resolve an inconsistency or insufficiency in the evidence the physician

provided," and that on remand the agency will apply the new regulation which does not

require recontact with the treating physician.  (Comm 'r Mot. 2-3).  He concludes,

"Because [other] substantial evidence in the record supports the ALJ's decision, and the

regulations no longer require an ALJ to recontact a treating physician, the ALJ's decision

should be affirmed."  Id. at 3.

2

Plaintiff recognized that the Commissioner is relying upon an intervening change in the controlling law as justification for his motion to amend, and argues that the new regulations themselves require remand in this case, and in any event, the court cannot affirm the decision without considering Plaintiff's other allegation of error--that the ALJ erred in evaluating Dr. Maddali's opinion--because in its judicial review the court merely assumed the ALJ properly considered Dr. Maddali's opinion.  (Pl. Resp. 1).  Plaintiff argues that the new regulations require the Commissioner to resolve inconsistencies by recontacting the medical sources, requesting additional existing records, requiring Plaintiff to undergo a consultative examination, or asking Plaintiff or others for more information, and that the ALJ in this case did none of those things.  Id. at 2.  Therefore, he argues that remand is necessary because the ALJ erred under either the prior law or the new law.  Id. at 2-3.  Finally, he argues that the case "cannot be remanded without proper consideration of the ALJ's decision to grant little weight to Dr. Maddali's opinion."  Id. at 3.

The Tenth Circuit recently stated the standard to be applied in deciding a motion to alter or amend judgment pursuant to Rule 59(e):

> "Grounds warranting a Rule 59(e) motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); accord Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

is an intervening change in the controlling law.' " (emphasis omitted)
(quoting <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir.
1999))).

<u>Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.</u>, 693 F.3d 1195, 1212 (10th Cir.

2012) (brackets omitted).

The Commissioner has shown none of the three grounds warranting

reconsideration.  Because judicial review of a decision of the Commissioner statutorily

limits the court to consideration of the "transcript of the record," 42 U.S.C. § 405(g)

(sentence four), it would be rare indeed to grant a Rule 59(e) motion in a Social Security

case based on the presentation of "new evidence previously unavailable," and the

Commissioner's motion does not suggest the discovery of new evidence.  Moreover, the

motion does not suggest clear error or manifest injustice which must be corrected.

Although the Commissioner did not specify that his motion is based on an

intervening change in the controlling law, the clear import of his motion as summarized

above is that the controlling law has changed, and that the court should alter or amend its

judgment because of that change.  The court does not find an intervening change in the

controlling law for two reasons.  First, the amendment to the regulations at issue here was

not a change in the law intervening between the court's decision and the Commissioner's

motion to alter or amend judgment.  Second, and most importantly, the amendment to the

regulations at issue here is not controlling over the court's decision.

A time line of events based upon the docket sheet in this case is beneficial in

demonstrating that the amendment to the regulations at issue here was not a change in the

4

law, intervening between the court's decision and the Commissioner's motion.  Plaintiff filed her complaint seeking judicial review in this case on November 9, 2011. (Doc. 1). The Commissioner answered and filed the administrative record on December 12, 2011, and Plaintiff filed her Social Security Brief on January 18, 2012.  (Docs. 9, 10, 11).  After seeking an extension of time, the Commissioner filed his Response Brief on March 15, 2012, and Plaintiff filed her Reply Brief on March 29, 2012.  (Docs. 14, 15).  The court decided the case and issued both its Memorandum and Order reversing the Commissioner's decision and its Judgment remanding the case for further proceedings on October 5, 2012.  (Docs. 16, 17).

As the Commissioner points out, the regulations at issue here were amended effective March 26, 2012.  How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10,651, 2011 WL 7404303 (Feb. 23, 2012) (effective Mar. 26, 2012) (codified at 20 C.F.R., pts. 404, 416).  While the effective date of the amended regulations was 11 days after the Commissioner filed his Response, it was three days before Plaintiff filed her Reply and more than 6 months before the court issued its decision in this case.  If the Commissioner believed the new regulations should be used in the court's decision, it was incumbent on the Commissioner to inform the court of that fact by way of a Notice of Supplemental Authority and, if necessary, additional briefing explaining the legal basis for his belief.  And, he had more than sufficient time to so inform the court before the court made its decision in this case.

In her brief, Plaintiff clearly argued that the ALJ erred by not recontacting Dr. Maddali, and based her argument upon the sections at issue here--20 C.F.R. §§ 404.1512(e), 416.912(e).  (Doc. 11, p.20) (quoting 20 C.F.R. §§ 404.1512(e), 416.912(e)).  The Commissioner recognized Plaintiff's argument and responded that the ALJ was not required by the regulations to recontact Dr. Maddali.  (Doc. 14, pp. 13-15) (citing 20 C.F.R. §§ 404.1512(e), 416.912(e)).  As the Commissioner explained in his motion, the notice of proposed rulemaking regarding these regulations was issued on April 12, 2011, eleven months before the Commissioner filed his Response in this case. (Comm'r Mot. 2) (citing 76 Fed. Reg. 20,283, 2011 WL 1359404 (April 12, 2011)).  And, although the final rule was not effective till March 26, 2012, it was issued on February 23, 2012, three weeks before the Commissioner filed his Response Brief in this case. Nonetheless, the Commissioner did not take any action whatever to inform the court of his belief that the court should apply the new regulations in reviewing the decision at issue here.  The Commissioner has not shown that the new regulations constitute an intervening change in the law within the contemplation of Rule 59(e).

Further, even if the new regulations constituted an intervening change in the law within the contemplation of Rule 59(e), they are not "controlling law" with regard to judicial review in this case.  Judicial review of a decision of the Commissioner is statutorily limited to review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  42 U.S.C. 405(g).  In such review, the court must determine whether the factual findings are supported by substantial evidence in the record

and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080,

1084 (10th Cir. 2007).  Therefore, as applicable here, the question is whether the ALJ

applied the correct law at the time he made his decision.  The law at the time the ALJ

made his decision is the relevant law for purposes of judicial review, not the law which is

"current" when the court makes its decision.  The controlling law in this case is the

regulations effective on November 12, 2010 when the ALJ made his decision, and the

court's decision was based upon that law.  (Doc. 16, p.4) (citing 20 C.F.R. §§ 404.1520,

416.920 (2010)).

Moreover, the Commissioner's filings in the Federal Register evidence the

expectation that the Federal Courts will apply the law in effect at the time of the ALJ's

administrative decision when performing judicial review even though the agency on

remand might apply the regulations in effect at the time of making the decision on

remand:

> As is our usual practice when we make changes to our regulations, we will
> apply these final rules on or after their effective date when we make a
> determination or decision, including those claims in which we make a
> determination or decision after remand to us from a Federal court.  With
> respect to claims in which we have made a final decision, and that are
> pending judicial review in Federal court, we expect that the court's review
> of the Commissioner's final decision would be made in accordance with the
> rules in effect at the time of the administrative law judge's (ALJ) decision,
> if the ALJ's decision is the final decision of the Commissioner.  If the court
> determines that the Commissioner's final decision is not supported by
> substantial evidence, or contains an error of law, we would expect that the
> court would reverse the final decision, and remand the case for further
> administrative proceedings pursuant to the fourth sentence of section 205(g)
> of the Act, except in those few instances in which the court determines that
> it is appropriate to reverse the final decision and award benefits without

remanding the case for further administrative proceedings.  In those cases decided by a court after the effective date of the rules, where the court reverses the Commissioner's final decision and remands the case for further administrative proceedings, on remand, we will apply the provisions of these final rules to the entire period at issue in the claim.

Evidentiary Requirements for Making Findings About Medical Equivalence, 71 Fed. Reg. 10,419, 10,421, 2006 WL 4676856 (Mar. 1, 2006); Revised Medical Criteria for Evaluating Cardiovascular Impairments, 71 Fed. Reg. 2312, 2313, 2006 WL 63805 (Jan. 13, 2006); Revised Medical Criteria for Evaluating Impairments that Affect Multiple Body Systems, 70 Fed. Reg. 51,252, 51,254, 2005 WL 2071551 (Aug. 30, 2005); Revised Medical Criteria for Evaluating Genitourinary Impairments, 70 Fed. Reg. 38,582, 38,583-84, 2005 WL 1544657 (July 5, 2005); Revised Medical Criteria for Evaluating Malignant Neoplastic Diseases, 69 Fed. Reg. 67,018, 67,019, 2004 WL 2576931 (Nov. 15, 2004); Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria  66 FR 58,010, 58,011, 2001 WL 1453802, (Nov. 19, 2001).  The Commissioner has not shown that the new regulations are controlling law with regard to the court's review of the Commissioner's final decision issued November 12, 2010.

Finally, the court notes that the Commissioner's motion implies that on remand he will apply the then-current regulations, and that if those regulations are the new regulations effective March 26, 2012, those regulations do not require him to recontact Dr. Maddali.  (Comm'r Mot. 3).  To the extent that the Commissioner may be asserting that he will not recontact Dr. Maddali on remand, the court notes that in its remand order it found a conflict in the medical evidence which must be resolved on remand.  (Doc. 16,

8

p. 9).  The court held, "the ALJ must at least attempt to recontact Dr. Maddali to seek clarification of [Dr. Maddali's] report.  He did not do so, and in accordance with Robinson and Palmer this case must be remanded to correct the deficiency."  Id. (emphasis added).  The court anticipates that, despite the implication inhering in his motion, the Commissioner will follow the order of the court.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 20) is DENIED.

Dated this 16th day of November 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

9